# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:15-cv-52-FDW

| | |
|---|---|
| LASHUNE MCCARTHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NC DEPARTMENT OF | )   **ORDER** |
| PUBLIC SAFETY, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1), and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 3). On May 20, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 7). Thus, Plaintiff is proceeding in forma pauperis.

   **I.    BACKGROUND**

Pro se Plaintiff LaShune McCarthy is an inmate of the State of North Carolina, currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action on April 23, 2015, pursuant to 42 U.S.C. § 1983, naming the following as Defendants: (1) North Carolina Department of Public Safety; (2) FNU Mortez, identified as an officer at Alexander; (3) FNU Draugn, identified as an officer at Alexander; (4) FNU Gum, identified as an officer at Alexander; (5) FNU Sanders, identified as a nurse at Alexander; (6) FNU Smith, identified as a nurse at Alexander; and (7) "Jane Does 1-100." (Doc. No. 1 at 3). Plaintiff purports to bring a claim against Defendants for deliberate indifference to serious medical needs

1

based on his allegations that Defendants left him lying in his cell for around four hours without medical attention after he slipped and fell. Specifically, Plaintiff alleges the following:

> On 8-17-13 at approx. 3:10 Sgt. Walker turned off my toilet because it had overflowed and I had feces and urine on my cell floor. Dinner was brought minutes later and I asked to be placed in the cage to eat but I was told no and was forced to eat in my cell with feces and urine and the water turned off where I couldn't wash my hands which violated my 8th Amendment. While trying to walk across my cell I slipped and fell and hit my head on the floor and forced my back into a[n] awkward position. When officers Draugn and Gum came into the dorm they witnessed me on the floor and walked out. When Officer Draugn was picking up the trays, she was being very disrespectful telling me to quit playing. Sgt. Walker came into the dorm and saw me in pain and crying. He called a code blue and Nurse Smith came in first and then Nurse Sanders. When Sgt. Walker returned they discussed something and the c/o's were informed to place me in full restraints until I decided to move my body. All the nurses and officers left the unit and I was informed to fill out a sick call or grievance. I was treated out of personal opinion and not nursing protocol.
> At 6:55 p.m. R.N. Sanders, Sgt. Clifton, O.I.C.'s Honeycutt and Chester came into B-Block. I still was unable to respond due to the pain I was in. At 7:50 (4 hours later) the ambulance came and I was taken to the E.R. at 8:00 p.m. I was and still am suffering from a sore back and migraine headaches which I am still taking medicine for. I have suffered verbal and emotional and mental distress due to this claim. All these officers were unprofessional and were negligent which led to my 8th Amendment [rights] being violated in several ways.

(Doc. No. 1 at 4-5). As relief, Plaintiff seeks compensatory and punitive damages. (Id. at 4).

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be

2

granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

To state a claim for deliberate indifference, an inmate must establish two requirements: (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). In the medical context, an inmate "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

With regard to the objective prong, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999)). With regard to the subjective prong, a prison official is deliberately indifferent if he has actual knowledge of and disregards "the risk posed by the serious medical needs of the inmate." Iko, 535 F.3d at 241 (citing Farmer, 511 U.S. at 837); see also Makdessi v. Fields, No. 13-7606, 2015 WL 1062747, at *9 (4th Cir. Mar. 12, 2015) (holding that the subjective prong "may be proven by circumstantial evidence that a risk was so obvious that it had to have been known"). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

3

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837. Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Moreover, while the Constitution requires a prison to provide inmates with medical care, a prisoner is not entitled to receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). A prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment do not rise to the level of a constitutional violation. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Here, Plaintiff's allegations against Defendants do not rise to the level of deliberate indifference sufficient to violate the Eighth Amendment.[1] The Court will assume that Plaintiff was suffering from a serious medical need when he slipped and fell on his cell floor to the extent that he injured his back during the fall. Although an intentional delay in medical treatment can give rise to a constitutional violation, Estelle v. Gamble, 429 U.S. at 104-05, Plaintiffs allegations fail to show that Defendants knew that Plaintiff faced a substantial risk of harm and intentionally ignored that risk. Indeed, by Plaintiff's own allegations, at least one of the

---

[1] Moreover, to the extent that Plaintiff has named the North Carolina Department of Public Safety as a Defendant, the Department is an agency of the State of North Carolina and is not a "person" subject to suit under Section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844 (4th Cir. 2003).

Defendant officers (Draugn) did not immediately seek medical treatment for Plaintiff because she believed that Plaintiff was faking his injuries. At most, Plaintiff alleges that Defendants acted negligently in delaying medical treatment to Plaintiff. Accord Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir. 1997) (affirming judgment on the pleadings where the prisoner waited six days to see a doctor for an infected cyst). Moreover, and significantly, Plaintiff provides no facts to show that the alleged delay in medical treatment caused substantial harm. See Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) ("An Eighth Amendment violation only occurs . . . if the delay results in some substantial harm to the patient."). In sum, the Complaint fails to state a cognizable claim of deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment. Accord Fields v. Southern Health Partners, No. 0:15-624-MGL, 2015 WL 2095781, at *4 (D.S.C. May 5, 2015) (finding no Eighth Amendment violation where the plaintiff did not allege facts showing that a nine-hour delay in treatment caused him substantial harm).

**IV.    CONCLUSION**

For the reasons stated herein, the Court finds that Plaintiff fails to state a claim for deliberate indifference to serious medical needs and this action will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915(e).

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), is **DENIED** as moot.

3. The Clerk is directed to terminate this action.

Signed: May 26, 2015

Frank D. Whitney
Chief United States District Judge